UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHLEY DIAZ,

       Plaintiff,

   -v-

REVE DIAMONDS US LLC and TAL
COHEN,

       Defendants.

26-cv-72 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

This case involves allegations of discrimination and retaliation in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Plaintiff Ashley Diaz was employed at Reve Diamonds, a jewelry store owned by Tal Cohen, from March 2022 to July 2025. She alleges that after becoming pregnant, she faced discrimination and retaliation from the defendants.

Before the Court is the second motion to dismiss of Reve Diamonds US LLC and Tal Cohen (collectively, "defendants"). ECF No. 22. The Court heard argument on the first motion to dismiss, ECF No. 12, on March 12, 2026. Following that argument, and without issuing a decision on the initial motion, the Court permitted Diaz to file an Amended Complaint in light of the largely conclusory nature of her original Complaint, see Transcript 3/12/26. The Court heard argument on the second motion to dismiss regarding the Amended Complaint on April 9, 2026. Upon full consideration of the

1

parties' briefs and arguments, the Court grants the motion to dismiss in its entirety.

I.    Background

Taken most favorably to plaintiff, the Amended Complaint alleges the following, though often in conclusory fashion. Ashley Diaz began working as the General Manager of Reve Diamonds' New York showroom in March 2022. ECF No. 22 ¶¶ 40-41. Tal Cohen is the owner of Reve Diamonds. Id. ¶ 43. Initially, Cohen considered her job strong performance as "strong," and she was regarded as a successful employee. Id. ¶ 46.

On July 29, 2024, Diaz informed Cohen that she was pregnant. Id. ¶ 47. She advised him that she would require one to two months of maternity leave following the birth of her child. Id. ¶ 48. Diaz alleges that following this disclosure, "Cohen's demeanor toward [her] materially changed." Id. ¶ 49. Further, Cohen "began expressing concerns about how [her] anticipated maternity leave would negatively impact the business." Id. ¶ 50.

Diaz continued to work for a period while pregnant, and informed Cohen that she would require a full-time assistant to help alleviate her workload. Id. ¶¶ 53-54. Cohen refused, citing budgetary concerns, and instead hired a part-time assistant around August 2024. Id. ¶¶ 55-57.

Several months later, in December 2024, Diaz sent an email to Cohen outlining concerns regarding her treatment in the workplace.

Id. ¶ 58. She explained that she felt that she was experiencing "undue pressure related to her pregnancy and anticipated maternity leave." Id. ¶ 59. In that same email, she requested accommodations including "frequent hydration breaks," "additional meal breaks," a "modified work schedule when she felt unwell," and "light physical duties." Id. ¶¶ 62, 64-67. Diaz alleges that defendants "denied [her] reasonable accommodation requests," including by refusing to allow her part-time assistant to take client appointments independently and by continuing to place pressure on Diaz to meet sales goals. Id. ¶¶ 71, 76, 80.

In February 2025, Diaz gave birth. Id. ¶ 81. She then commenced disability leave for eight weeks, and, thereafter, took protected New York Paid Family Leave. Id. ¶¶ 82-83. While on leave, Diaz continued to respond to work-related matters. Id. ¶¶ 85-86.

In March 2025, Cohen asked Diaz about her expected return-to-work date. Id. ¶ 87. She responded that she expected to return around June or July 2025 and followed up in May 2025 to confirm that she planned to return on July 11, 2025. Id. ¶¶ 89, 91. On July 2, 2025, nine days before her expected return date, the defendants terminated Diaz's employment. Id. ¶¶ 94-95. The termination letter cited "several operational and performance-related factors that have affected the business severely" as the reason for Diaz's termination. Id. ¶ 99. Diaz alleges that prior

3

to her pregnancy, the defendants had not raised any operational or performance-related concerns regarding her work. Id. ¶ 100.

This action followed. Diaz brings claims of discrimination and retaliation under the NYSHRL and NYCHRL. As noted above, the defendants have moved to dismiss.

## II.  Legal Standards

A complaint survives a Rule 12(b)(6) motion if it pleads "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added).[1] The Court accepts well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. See Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012). However, conclusory allegations and legal recitations do not suffice; the keystone is specific factual allegations. See King v. City of New York, 2023 WL 2398679, at *2 (2d Cir. Mar. 8, 2023) (emphasizing it is the plaintiff's burden to plead "specific and detailed factual allegations" that are "not stated in wholly conclusory terms" to render their complaint plausible).

## III. Discussion

Diaz brings two counts of sex/gender/pregnancy discrimination under the NYSHRL and NYCHRL (Counts One and Three). She also

---

[1] Except where otherwise indicated, all quotations in this Order omit citations, internal quotation marks, footnotes, brackets, ellipses, and other non-substantive alterations in source material.

alleges retaliation in violation of the NYSHRL and NYCHRL (Counts Two and Four). But she fails to allege sufficient facts to support these claims even at the motion to dismiss stage.

A. Discrimination Claims

In an action brought under the NYCHRL, a plaintiff need only allege facts showing that the plaintiff has been "treated less well" because (at least in part) of plaintiff's actual or perceived status within a protected class. Kulick v. Gordon Prop. Grp., LLC, 2025 WL 448333, at *9 (S.D.N.Y. Feb. 7, 2025); see N.Y.C. Admin. Code § 8-107(1)(a)(3). While federal discrimination claims arguably require more, and NYSHRL discrimination claims were once considered analytically analogous to federal discrimination claims, see Edelman v. NYU Langone Health Sys., 2022 WL 4537972, at *14 (S.D.N.Y. Sept. 28, 2022), in 2019, the NYSHRL was amended to be "construed liberally for the accomplishment of the remedial purposes thereof," regardless of how federal civil rights laws have been construed, Everett v. N.Y.C. Dep't of Educ., 2023 WL 5629295, at *11 (S.D.N.Y. Aug. 31, 2023). Accordingly, some New York courts have interpreted the amendment as "render[ing] the standard for claims closer to the standard of the [New York City Human Rights Law]." Id. The Court here accepts such for the purposes of this motion.

However, even under this liberal construction of the NYSHRL and NYCHRL, Diaz's discrimination claims must be dismissed. Her

Amended Complaint, like her original Complaint, consists largely of conclusory, vague, and speculative assertions unaccompanied by specific factual allegations. Take, for instance, the entirety of page six of the Amended Complaint. Diaz begins by noting that she advised Cohen of her need for maternity leave, ECF No. 20 ¶ 48, and that, in ways entirely unspecified, his "demeanor toward [her] materially changed" following this disclosure, id. ¶ 49. Diaz continues by asserting, again in totally conclusory fashion, that, thereafter, Cohen "began expressing concerns about how Plaintiff's anticipated maternity leave would negatively impact the business," id. ¶ 50, and that he "focused on [her] anticipated absences rather than her performance or contributions," id. ¶ 51. The only part of the page that alleges anything in non-conclusory fashion are the allegations that, while plaintiff requested a full-time during her pregnancy, the defendant, citing budgetary constraints, only provided a part-time assistant, who worked 18 to 20 hours per week. Id. ¶¶ 55-56.

These allegations, on their own, do not support an inference of discriminatory animus.[2] Most have nothing to do with the defendants and their actions. And the ones that do are helplessly

_____

[2] Diaz's Amended Complaint later goes so far as to misstate what it elsewhere concedes, alleging that Diaz was forced to continue working without any pregnancy-related accommodations, ECF No. 20 ¶ 72, while the Amended Complaint elsewhere admits that the defendants hired a part-time assistant, id. ¶ 56.

vague and conclusory, failing to mention any details that could draw this Amended Complaint out of the strike zone of a motion to dismiss. Even drawing every reasonable inference in favor of the plaintiff, as the Court must, see In re Platinum and Palladium Antitrust Lit., 61 F.4th 242, 258 (2d Cir. 2023), the Court can do nothing with the allegations that Cohen "expressed concern" or that his demeanor "materially changed," neither of which remotely specify any statements, actions, or incidents indicating discrimination. And as for the denial of a full-time assistant in favor of a part-time assistant, plaintiff alleges nothing to suggest this was pretextual as opposed to prudent in consideration of budgetary constraints. See, e.g., Edwards v. Elmhurst Hosp. Ctr., 2010 WL 11623370, at *7 (E.D.N.Y. Sep. 21, 2010) (collecting cases).[3]

   B. Retaliation Claims

   Diaz also brings retaliation claims under the NYSHRL and NYCHRL. To establish a prima facie of retaliation under the NYSHRL, a plaintiff must allege that (1) she engaged in protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against the employee; and (4) a causal connection exists between the protected activity and the adverse action. See

---

[3] It is unnecessary, therefore, to reach the dispute between the parties as to whether certain additional documents offered by defendants can be considered on this motion.

Xiang v. Eagle Enterps., LLC, 2020 WL 248941 (S.D.N.Y. Jan. 16, 2020). The NYCHRL is "slightly more solicitous of retaliation claims than federal and state law because, rather than requiring a plaintiff to show an 'adverse employment action,' it only requires [the plaintiff] to show that something happened that was 'reasonably likely to deter a person from engaging in protected activity.'" See Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 362 (S.D.N.Y. 2012) (quoting Rozenfield v. Dep't of Design & Constr., 875 F. Supp. 2d 189, 208 (E.D.N.Y. 2012)).

Under either standard, however, Diaz's retaliation claims fail. Diaz expresses that she was retaliated against on several different occasions. First, she alleges that the defendant refused to allow her part-time assistant to independently handle certain work assignments, thereby increasing Diaz's workload. ECF No. 20 ¶¶ 74-76. Second, she alleges that the defendants imposed heightened pressure on her to meet sales goals despite her pregnancy. Id. ¶ 80. And third, she alleges that she was terminated because she took her pregnancy leave. Id. ¶¶ 93-98. But once again the Amended Complaint's assertions of retaliation are conclusory or fail to allege the necessary elements of a retaliation claim. The only protected activity specifically alleged in the Amended Complaint is Diaz's email to Cohen in December 2024, in which she complained to Cohen that she was being subjected to "undue pressure and differential treatment because of her pregnancy." ECF No. 20

¶ 60. None of the claims of retaliation properly link that communication to any of the alleged retaliatory activity. For instance, as to the part-time assistant, the Amended Complaint asserts that "[d]efendant Tal Cohen refused to allow the assistant to independently handle client appointments, thereby increasing Plaintiff's workload and pressure." ECF No. 20 ¶ 76. But Diaz fails to indicate in this allegation how, if at all, Cohen's refusal was tied to the email, or why a refusal to allow an assistant to handle some tasks would have deterred Diaz from engaging in further protected activity. The same is true for Diaz's allegation that "[d]efendant Tal Cohen imposed heightened pressure on Plaintiff to meet sales goals despite her pregnancy and need for accommodations." Id. ¶ 80.

The retaliation claim premised on Diaz's termination fails for the same reasons. Diaz alleges that she was fired nine days before her scheduled return to work. ECF No. 20 ¶ 95. But she wholly fails to adduce a single fact showing that this was because of her taking her leave or any other exercise of a protected activity.

IV.   Conclusion

Though the bar for a plaintiff to survive a motion to dismiss is not high, and the standards for NYSHRL/NYCHRL claims are less strict than their federal law counterparts, Diaz's allegations nevertheless are insufficient to survive a motion to dismiss, as

she wholly fails to allege facts supporting her claims by anything more than conjecture, at most.

For the foregoing reasons, the Court grants the defendants' motion to dismiss in its entirety. The Clerk's Office is respectfully directed to enter final judgment in defendants' favor and to close the case.

SO ORDERED.

New York, NY
April ___15___, 2026

_____
JED S. RAKOFF, U.S.D.J.

10